UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-CV-11016-RGS

CARLOS SANABRIA

v.

CITY OF LAWRENCE, et al.

ORDER ON DEFENDANTS' MOTION
TO BIFURCATE TRIAL
and MOTION OF JOHN J. ROMERO TO DISMISS

June 28, 2011

STEARNS, D.J.

The motion to bifurcate the trial of the claims against Kyle Wilcox from the claims against the municipality and defendants named in their official capacities will be ALLOWED. The court will further dismiss all claims against Chief John Romero in his official capacity as no facts are pled against Romero personally that suggest "a plausible entitlement to relief." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). It is the court's understanding that plaintiff has entered into an agreement for judgment as to Wilcox, leaving only the *Monell* claims against the City pending.[1] A second case (09-cv-12231-RGS - *Alicea v. Wilcox, et al.*) has been resolved by a

---

[1] On June 10, 2011, plaintiff stipulated to the dismissal of former Mayor Michael J. Sullivan as a defendant.

verdict favorable to the plaintiff on the claims against Wilcox personally. A third case (09-cv-11782-RGS - *Beaulieu, et al. v. City of Lawrence, et al.*) has been resolved favorably to all of the individual defendants, including Wilcox, thus precluding any *Monell* claim. *See Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam). The court also is aware of two additional lawsuits pending against Wilcox in this court – one before Judge Edward Harrington (09-cv-12149-EFH *Fernandez, et al. v. Wilcox, et al.*), and another before Magistrate Judge Leo Sorokin (09-cv-11731-LTS - *Estevez v. City of Lawrence, et al.*). The court believes that for reasons of judicial economy, it makes sense to stay further action on the *Alicea* and *Beaulieu* matters until the other cases are resolved and then consolidate all cases in which potential *Monell* liability remains before taking up the issue of whether the affected plaintiffs are entitled to seek a recovery over and above the amounts awarded by the jury or obtained by agreement(s) for judgment.

ORDER

For the foregoing reasons, defendants' Motion to Bifurcate is <u>ALLOWED</u>. The motion to dismiss Chief Romero in his individual capacity is <u>ALLOWED</u>. The *Alicea* and *Sanabria* cases are hereby <u>STAYED</u> pending resolution of the *Fernandez* and *Estevez* matters and further orders of the court with respect to potential consolidation of the remaining *Monell* claims. The Clerk will docket this order in the *Alicea* matter

2

as well.

                SO ORDERED.

                /s/ Richard G. Stearns
                _____
                UNITED STATES DISTRICT JUDGE